# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JEFFREY C. GARDNER,

      Plaintiff, *pro se*,

vs.                                        No. CIV 99-1176 JC/LS

INTERNAL REVENUE SERVICE,

      Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER came on for consideration of: (1) United States' Motion to Dismiss or for Summary Judgment (hereinafter, "United States' Motion"), filed April 5, 2000 *(Doc. 30)*; (2) Plaintiff's Motion for Judgment on the Pleadings, filed March 21, 2000 *(Doc. 28)*; (3) Plaintiff's Revised Motion for Determination of Taxpayer Status, filed January 18, 2000 *(Doc. 15)*; (4) Plaintiff's Revised Protest and Demand for Abatement, filed January 18, 2000 *(Doc. 14)*; and (5) Plaintiff's Revised Verified Affidavit of Citizenship and Domicile; Revised Demand for Proof of Jurisdiction, filed January 18, 2000 *(Doc. 12)*. The Court has reviewed the motions, the memoranda and exhibits submitted by the parties, and the relevant authorities. The Court finds that United States' Motion is well taken and will be granted. The Court also finds that Plaintiff's four motions are not well taken and will be denied.

## I.   <u>Background</u>

Plaintiff Jeffrey Gardner filed a timely Form 1040 (U.S. Individual Income Tax Return) for the year ending December 31, 1991. *See* Def.'s Ex. 1 attached to United States' Motion *(Doc.*

*30).*  The Internal Revenue Service (hereinafter, "I.R.S.") assessed the amount of tax liability

shown on the return ($1,204) on March 27, 1995.  The I.R.S. then refunded Mr. Gardner $340

because of an overpayment of withholding taxes.  *See* Def.'s Ex. 2 attached to United States'

Motion *(Doc. 30).*

     In August 1997, Mr. Gardner filed Form 1040X (Amended U.S. Individual Income Tax

Return) requesting a refund of the $1,024 paid for the 1994 income taxes.  *See* Def.'s Ex. 3

attached to United States' Motion *(Doc. 30).*  Along with this form, Mr. Gardner enclosed a letter

claiming that he was entitled to a refund because his income was not taxable for various reasons.

*See* Def.'s Ex. 4 attached to United States' Motion *(Doc. 30).*  In response, the I.R.S. determined

the Form 1040X was frivolous as defined under 26 U.S.C. § 6702[1] and mailed Mr. Gardner a

letter dated October 22, 1997, informing him of its determination.  *See* Def.'s Ex. 5 attached to

United States' Motion *(Doc. 30).*  In addition, the letter stated that if the I.R.S. received a

properly signed Form 2297 (Waiver of Statutory Notification of Claim Allowance) and Form

3363 (Acceptance of Proposed Disallowance of Claim for Refund or Credit) within 30 days from

the date of the letter, then it would not assess the penalty under 26 U.S.C. § 6702.  *See id.*

     Mr. Gardner signed both Form 2297 and Form 3363 on November 18, 1997.  *See* Def.'s

Exs. 6 and 7 attached to United States' Motion *(Doc. 30).*  The I.R.S. alleges the deadline for the

receipt of the documents was November 21, 1997, and that it received the signed documents on

November 24, 1997.  Enclosed with the executed forms was an undated letter from Mr. Gardner

---

[1]26 U.S.C. § 6702 states:  "(1) [If] any individual files what purports to be a return of the tax imposed by subtitle A but which (A) does not contain information on which the substantial correctness of the self-assessment may be judged, or (B) contains information that on its face indicates that the self-assessment is substantially incorrect; and (2) the conduct referred to in paragraph (1) is due to (A) a position which is frivolous, or (B) a desire (which appears on the purported return) to delay or impede the administration of Federal income tax law, then such individual shall pay a penalty of $500."

stating that although he signed the documents, he disapproved of their validity and his status as a taxpayer.  *See* Def.'s Ex. 9 attached to United States' Motion *(Doc. 30)*.

On April 19, 1999, the I.R.S. assessed the frivolous penalty provided for under 26 U.S.C. § 6702 for the Form 1040X filed by the Plaintiff.  *See* Def.'s Ex. 11 attached to United States' Motion *(Doc. 30)*.  The I.R.S. also sent Mr. Gardner a first notice of the frivolous penalty.  *See* Def.'s Ex. 12 attached to United States' Motion *(Doc. 30)*.

Mr. Gardner originally brought this suit demanding that the I.R.S. acknowledge that he is not legally required to file federal or state tax returns for various jurisdictional reasons.  *See* Plaintiff's Revised Verified Affidavit of Citizenship and Domicile; Revised Demand for Proof of Jurisdiction at 18, filed January 18, 2000 *(Doc. 12)*.  In addition, Mr. Gardner submitted a motion requesting the Court to make a judicial determination as to his taxpayer status.  *See* Plaintiff's Revised Motion for Determination of Taxpayer Status at 2, ¶ 2, filed January 18, 2000 *(Doc. 15)*.  Finally, Mr. Gardner submitted a motion requesting an immediate abatement of the 1994 frivolous return penalty.  *See* Plaintiff's Revised Protest and Demand for Abatement at 3, ¶ 10, filed January 18, 2000 *(Doc. 14)*.

The United States now moves to dismiss or for summary judgment on behalf of the I.R.S. *See* United States' Motion at 1 *(Doc. 30)*.  Although the I.R.S. is the party named in this suit, an agency of the United States may not be sued unless Congress has authorized such a suit.  *See Blackmar v. Guerre*, 342 U.S. 521 (1952).  The statute cited by the Plaintiff, 26 U.S.C. § 7429(b), only authorizes a suit against the United States, the real party in interest.  Consequently, the United States motion first claims that Plaintiff's complaint seeks an injunction to prohibit the collection of the frivolous return penalty, an action which is barred by the Anti-Injunction Act (26

U.S.C. § 7421(a)).  *See* United States' Motion at 9 *(Doc. 30)*.  Alternatively, the I.R.S. has now

decided to abate the frivolous return penalty, so Plaintiff's request for an injunction is now

allegedly moot.  *See id.*  The United States also claims that Plaintiff's complaint seeks a

declaratory judgment as to his taxpayer status, an action which is barred by the Declaratory

Judgment Act (28 U.S.C. § 2201).  *See id.* at 14.  Finally, the United States argues that Plaintiff

has failed to show that he is entitled to damages for an unauthorized collection action.  *See id.* at

15.  The United States maintains that the only alleged unauthorized collection action was a

violation of 26 U.S.C. § 7429 (Review of Jeopardy Levy or Assessment Procedures), which is

inapplicable in this case.  *See id.*  The United States further maintains that Plaintiff has failed to

plead a violation of any other statute or regulation which would entitle him to damages under 26

U.S.C. § 7433 (Civil Damages for Certain Unauthorized Collection Actions).  For the above

reasons, the United States argues that it is proper for this Court to grant its motion to dismiss or

for summary judgment.

In response, Plaintiff moves for a judgment on the pleadings.  *See* Plaintiff's Motion for

Judgment on the Pleadings, filed March 21, 2000 *(Doc. 28)*.  Plaintiff acknowledges that the

primary claim (the 1994 frivolous return penalty) for which this action was initiated no longer

exists.  *See id.* at 1, ¶ 3.  However, Plaintiff still maintains that he is entitled to damages for an

unauthorized collection action pursuant to 26 U.S.C. § 7433.  *See id.* at 2, ¶ 4.

## II.    Standard of Review

The United States filed a motion to dismiss or for summary judgment and attached

fourteen exhibits.  *See* United States' Motion *(Doc. 30)*.  Generally, a motion to dismiss is

converted into a motion for summary judgment if matters outside the pleadings are presented, and

4

the parties are given a reasonable opportunity to present materials pertinent to a motion for summary judgment. *See GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). Courts have broad discretion in determining whether or not to accept materials beyond the pleadings. *See Lowe v. Town of Fairland, Oklahoma*, 143 F.3d 1378, 1381 (10th Cir. 1998). In this case, I find that it is necessary to consider the attached exhibits. Likewise, Plaintiff was given a reasonable opportunity to present materials outside the pleadings in his four motions referenced above. These motions address substantially the same arguments as the United States' Motion. Therefore, these motions will be construed as cross motions for summary judgment.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). In applying this standard, a court examines the factual record in the light most favorable to the nonmoving party. *See Wolf v. Prudential Ins. Co.*, 50 F.3d 793, 796 (10th Cir.1995). Moreover, pleadings filed *pro se* are generally held to a less stringent standard and liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520-21.

## III.   Analysis

### A.   The Frivolous Return Penalty

The United States first moves for summary judgment on the grounds that Plaintiff's request for an injunction to prohibit the assessment or collection of a frivolous return penalty is prohibited by the Anti-Injunction Act, 26 U.S.C. § 7421. *See* United States' Motion at 9 *(Doc. 30)*. Alternatively, the United States contends its agreement to abate the penalty assessment makes Plaintiff's request for injunctive relief moot. *See id.*

"Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996).  No justiciable controversy exists "when the question sought to be adjudicated has been mooted by subsequent developments...." *Flast v. Cohen*, 392 U.S. 83, 95 (1967).  Therefore, a court can no longer grant effective relief if the object of the suit has already been settled.  *See Out of Line Sports, Inc. v. Rollerblade, Inc.*, 213 F.3d 500, 501 (10th Cir. 2000).

Originally, Plaintiff submitted a motion requesting an immediate abatement of the 1994 frivolous return penalty.  *See* Plaintiff's Revised Protest and demand for Abatement *(Doc. 14)*. The I.R.S. has decided to abate the frivolous return penalty asserted against Plaintiff because the I.R.S. now believes he substantially complied with its request to provide executed Forms 2297 and 3363.  *See* United States' Motion at 7, ¶ 14 *(Doc. 30)*.  In addition, Plaintiff now believes that the "primary cause of action [the frivolous return penalty] is now extinguished...."  *See* Plaintiff's Reply to Defendant's Brief, and Motion to Dismiss or Motion for Summary Judgment at 6, filed March 21, 2000 *(Doc. 29)*; *see also* Plaintiff's Motion for Judgment on the Pleadings at 1, ¶ 3 *(Doc. 28)*.  Therefore, Mr. Gardner's request for an injunction prohibiting the I.R.S. from engaging in any future collection activity is now moot, and the Court need not address whether Plaintiff's claim is barred by the Anti-Injunction Act.  Accordingly, the United States' Motion *(Doc. 30)* with respect to the frivolous return penalty is hereby granted, and Plaintiff's Revised Protest and Demand for Abatement *(Doc. 14)* is hereby denied.

**B.     Taxpayer Status**

The United States also moves the Court for summary judgment on Plaintiff's request for a

declaratory judgment as to his status as a taxpayer.  *See* United States' Motion at 14 *(Doc. 30)*.
Specifically, the United States argues that 28 U.S.C. § 2201 prohibits Plaintiff from seeking a
declaratory judgment that he is not subject to tax.  *See id.*

Originally, Plaintiff filed two motions requesting that the Court determine his status as a
taxpayer and demanding proof of the I.R.S.'s jurisdiction to tax him.  *See* Plaintiff's Revised
Motion for Determination of Taxpayer Status, filed January 18, 2000 *(Doc. 15)*, and Plaintiff's
Revised Verified Affidavit of Citizenship and Domicile; Revised Demand for Proof of Jurisdiction,
filed January 18, 2000 *(Doc. 12)*.  Plaintiff now maintains that he requested relief regarding his
taxpayer status because the I.R.S. failed to answer his multiple requests for proof of jurisdiction.
*See* Plaintiff's Reply to Defendant's Brief, and Motion to Dismiss or Motion for Summary
Judgment at 2, ¶ 3 *(Doc. 29)*.

In reviewing the arguments regarding his taxpayer status, Plaintiff claims that he is a non-
resident for the purposes of the United States tax laws.  *See* Plaintiff's Revised Verified Affidavit
of Citizenship and Domicile; Revised Demand for Proof of Jurisdiction at 1-3 *(Doc. 12)*.
Plaintiff's multiple arguments rest on the proposition that the Internal Revenue Code "applies to
specific persons in the United States who chose to make themselves subject to the requirements of
the Internal Revenue Code by entering into agreements with the U.S. Government."  *See id.* at 4,
¶ 8.  Meanwhile, Plaintiff admits to being domiciled in Doña Ana County in the State of New
Mexico. *See id.* at 3, ¶ 4.

Although Plaintiff does not specifically request a declaratory judgment under 28 U.S.C. §
2201, he states:  "Claimant herein demands that Respondents acknowledge that he is not legally
required to file a federal 1040 or State income tax return...."  Plaintiff's Revised Verified Affidavit

of Citizenship and Domicile; Revised Demand for Proof of Jurisdiction at 18 *(Doc. 12)*.  In addition, Plaintiff requests a "formal judicial determination" as to his taxpayer status.  *See* Plaintiff's Revised Motion for Determination of Taxpayer Status at 2, ¶ 2 *(Doc. 15)*.  Clearly, Plaintiff is not asking for a refund of taxes paid in a specific year.  Rather, Plaintiff is asking this Court to make a conclusive determination of his status as a taxpayer and the jurisdiction of the I.R.S. to tax his income.  Therefore, the Court finds that Plaintiff is requesting relief in the form of a declaratory judgment.

Under 28 U.S.C. § 2201, the Declaratory Judgment Act provides that a party may seek a declaration of rights and legal relations "in a case of actual controversy within its jurisdiction, except with respect to Federal taxes...."  *See also Fostvedt v. United States*, 978 F.2d 1201, 1203 (10th Cir. 1992).  Although there are statutory and judicial exceptions to the Declaratory Judgment Act, Plaintiff has failed to raise any of them and adequately argue for their application. Therefore, the Court finds that subject matter jurisdiction clearly is barred by the Declaratory Judgment Act.  Accordingly, the United States' Motion *(Doc. 30)* is hereby granted with respect to Plaintiff's request for a declaration as to his taxpayer status, and Plaintiff's Revised Motion for Determination of Taxpayer Status *(Doc. 15)* and Plaintiff's Revised Verified Affidavit of Citizenship; Revised Demand for Proof of Jurisdiction *(Doc. 12)* are hereby denied.

### C.    Damages

Finally, the United States moves to dismiss Plaintiff's claim that he is entitled to damages pursuant to 26 U.S.C. § 7433 (Civil Damages for Certain Unauthorized Collection Actions) for a violation of 26 U.S.C. § 7429 (Review of Jeopardy Levy or Assessment Procedures).  *See* United States' Motion at 15 *(Doc. 30)*.  The United States argues that 26 U.S.C. § 7429 does not apply

in this case, nor does it provide for damages. *See id.*

      26 U.S.C. § 7429(b) gives this Court jurisdiction to review jeopardy levy proceedings. In order for this section to apply, "no levy may be made under section 6331(a) less than 30 days after notice and demand for payment is made..." *See* 26 U.S.C. § 7429(a)(1)(A). Furthermore, under 26 U.S.C. § 7433, courts generally require taxpayers to specifically plead the exact provisions of the statutes or regulations which they allege were intentionally, recklessly, or negligently disregarded. *See Gonsalves v. Internal Revenue Service*, 975 F.2d 13, 16 (1st Cir. 1992). Here, Plaintiff contends that the I.R.S. violated 26 U.S.C. § 7429 by issuing an illegal jeopardy levy upon his property, thereby entitling him to damages under 26 U.S.C. § 7433. *See* Plaintiff's Reply at 5-6 *(Doc. 29)*. However, the I.R.S. only sent Plaintiff a notice of intent to levy certain assets (*see* Def.'s Ex. 13), and it did not actually levy any of Plaintiff's assets. Accordingly, because the I.R.S. did not levy or seize any of Plaintiff's property or income as a result of the frivolous return penalty, 26 U.S.C. § 7429 is inapplicable in this case. Therefore, the United States' Motion *(Doc. 30)* will be granted as to Plaintiff's claim for damages for a violation of 26 U.S.C. § 7429.

      Plaintiff also maintains that he is entitled to damages because the I.R.S. intentionally, recklessly, or negligently caused him to experience undue fear and considerable expenses related to his defense for failure to notify him of the abatement at an earlier date. *See* Plaintiff's Reply at 3, ¶ 4. However, Plaintiff fails to establish specific facts to support his allegations of intentional, reckless, or negligent acts by the I.R.S. Moreover, Plaintiff fails to specifically plead the violation of any statute or regulation other than 26 U.S.C. § 7429. Therefore, the Court finds that any additional claims for unspecified damages are also dismissed. The Court also finds that Plaintiff's

Motion for Judgment on the Pleadings *(Doc. 28)* is hereby denied.

**IV.    <u>Conclusion</u>**

For the foregoing reasons, the Court finds that since the I.R.S. decided to abate the frivolous return penalty, Plaintiff's request for injunctive relief prohibiting future collection activity is now moot.  In addition, the Court finds that Plaintiff is requesting declaratory relief with respect to his taxpayer status, and this type of claim is barred by the Declaratory Judgment Act.  The Court also finds that Plaintiff's request for damages due to a violation of 26 U.S.C. § 7429 is without merit because a jeopardy levy never occurred.  Finally, the Court finds that Plaintiff has failed to assert a violation of any other statutory provision or regulation which entitles him to damages.

Wherefore,

IT IS ORDERED that United States' Motion to Dismiss or for Summary Judgment, filed April 5, 2000 *(Doc. 30)* is granted, and Plaintiff's claims are dismissed with prejudice.

IT IS FURTHER ORDERED the following Plaintiff's motions are hereby denied:  (1) Plaintiff's Motion for Judgment on the Pleadings, filed March 21, 2000 *(Docs. 28)*; (2) Plaintiff's Revised Motion for Determination of Taxpayer Status, filed January 18, 2000 *(Doc. 15)*; (3) Plaintiff's Revised Protest and Demand for Abatement, filed January 18, 2000 *(Doc. 14)*; and (4) Plaintiff's Revised Verified Affidavit of Citizenship and Domicile; Revised Demand for Proof of Jurisdiction, filed January 18, 2000 *(Doc. 12)*.

DATED this 14th day of December, 2000.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Mr. Jeffery C. Gardner,

     Plaintiff, *pro se*.

Attorney for the Defendant:

     Joseph A. Pitzinger, Esq.
     Attorney, Tax Division
     Department of Justice
     Dallas, Texas